IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Luis Miguel Rivera Pimentel, # 0023745, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:25-cv-01487 |
| ) | |
| Melissa Harrell, ) | Judge Trauger |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Luis Miguel Rivera Pimentel, who is currently in the custody of the Rutherford County Jail in Murfreesboro, Tennessee, filed a pro se complaint alleging violations of his civil rights. (Doc. No. 1). The complaint is now before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

### I. FILING FEE

The plaintiff has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of the plaintiff's IFP Application and supporting documentation, it appears that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the

remainder in installments. Accordingly, the plaintiff is hereby **ASSESSED** the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the [plaintiff's] account; or (b) the average monthly balance in the [plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Rutherford County Jail to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of

his inmate trust fund account **MUST** ensure that a copy of this Order follows the plaintiff to his new place of confinement for continued compliance.

## II. SCREENING THE COMPLAINT

### A. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept a plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

### B. Factual Allegations and Claims

The plaintiff sues Melissa Harrell, the Rutherford County Clerk of Courts. (Doc. No. 1 at 2). The plaintiff alleges that he is the defendant in a criminal prosecution in Rutherford County. (*Id.* at 5). The Rutherford County Clerk's Office has rejected the plaintiff's pro se filings in his criminal case because he is represented by counsel. (*Id.* at 5–6). The plaintiff asserts that this violates his Fifth, Sixth, and Fourteenth Amendment rights. (*Id.* at 6).

C. Analysis

Based on the PLRA standards, the plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

The United States Constitution does not provide a criminal defendant the right to self-representation unless he waives the right to counsel. *United States v. Steele*, 919 F.3d 965, 975 (6th Cir. 2019); *see United States v. Cromer*, 389 F.3d 662, 681 n.1 (6th Cir. 2004) ("It is well settled that there is no constitutional right to hybrid representation."); *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970) ("[F]or purposes of determining whether there has been a deprivation of constitutional rights a criminal defendant cannot logically waive or assert both rights. The defendant must make a choice. . . .").

The Tennessee Constitution likewise provides no right to self-representation while a defendant is also represented by counsel. *State v. Berry*, 141 S.W.3d 549, 573−74 (Tenn. 2004) ("Both the United States and Tennessee Constitutions guarantee the right of an accused to self-representation or to representation by counsel . . . . Neither the United States Constitution nor the Tennessee Constitution grants the accused the right to 'hybrid representation,' *i.e.,* permitting both the defendant and counsel to participate in the defense." (citations omitted)).

Here, the plaintiff alleges that he is represented by counsel in his state criminal proceedings. (Doc. No. 1 at 5). He therefore has no constitutional right to represent himself by filing pro se motions in those same proceedings. Accordingly, the plaintiff has failed to state a claim upon which relief may be granted, and the court will now dismiss his complaint and this action.

## III. CONCLUSION

The plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted.

The plaintiff's IFP Application (Doc. No. 2) is **GRANTED**.

The plaintiff's Motion to Appoint Counsel (Doc. No. 3), Motion for Temporary Restraining Order (Doc. No. 4), and Motion for Emergency Ruling (Doc. No. 5) are **DENIED** as moot.

Final judgment shall now issue in accordance with Rule 58(b)(1) of the Federal Rules of Civil Procedure.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge